AARON M. CLEFTON (SBN 318680)
CLEFTON DISABILITY LAW
2601 Blanding Ave. Ste C
#336
Alameda, CA 94501
Telephone:  510/832-5001
info@cleftonlaw.com

IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALL ACCESS LAW GROUP
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorneys for Plaintiff JAMES ALGER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALGER,<br><br>               Plaintiff,<br><br>    vs.<br><br>TRIMARK-GILROY HOSPITALITY LLC, A WASHINGTON LIMITED LIABILITY COMPANY; TRIMARK-PARK PLACE, LLC, A WASHINGTON LIMITED LIABILITY COMPANY,<br><br>         Defendants | **Case No. 5:25-cv-7858**<br><br>*Civil Rights*<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

1    JAMES ALGER ("Plaintiff") complains of TRIMARK-GILROY HOSPITALITY LLC,

2    A WASHINGTON LIMITED LIABILITY COMPANY; TRIMARK-PARK PLACE, LLC, A

3    WASHINGTON LIMITED LIABILITY COMPANY ("Defendants") as follows:

4                                    **INTRODUCTION**

5    1.    This is a civil rights action arising from the denial of accessible facilities to individuals

6    with disabilities at the property known as the Hilton Garden Inn Gilroy, located at 6070

7    Monterey Rd, Gilroy, CA 95020 ("Hilton Garden Inn Gilroy"). Specifically, Defendants failed to

8    provide Plaintiff, an individual with a disability who uses a wheelchair or scooter ("Wheelchair")

9    for mobility with access the swimming pool and Jacuzzi (the "Aquatic Facilities") and an

10   accessible guest room.

11   2.    Defendants' lack of accessible facilities denies "full and equal" access required by Title

12   III of the Americans with Disabilities Act of 1990 and related California civil rights laws. As a

13   result, Plaintiff has been denied full and equal access to the Hilton Garden Inn Gilroy and has

14   been embarrassed and humiliated. Plaintiff seeks injunctive relief under the Americans with

15   Disabilities Act of 1990 ("ADA") and the Unruh Civil Rights Act ("Unruh Act") for full and

16   equal access, in addition to damages under the Unruh Act. Plaintiff also seeks declaratory relief

17   and recovery of reasonable statutory attorney fees, litigation expenses, and costs under federal

18   and state law.

19                              **JURISDICTION AND VENUE**

20   3.    This Court has subject-matter jurisdiction of this action under 28 U.S.C. § 1331 for

21   violations of the ADA, 42 U.S.C. §§ 12101 *et seq*. Under supplemental jurisdiction, attendant,

22   and related causes of action, arising from the same facts, are also brought under California law,

23   including, but not limited to, violations of the Unruh Act.

24   4.    This Court also has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the

25   amount in controversy exceeds $75,000, which includes the cost of injunctive relief sought,

26   damages, and attorney fees, exclusive of interest and costs, and the parties are citizens of

27   different states.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

5.      Venue is proper in this court under 28 U.S.C. § 1391(b) and is founded on the fact that the real property that is the subject of this action is in this District and that Plaintiff's causes of action arose in this District.

6.      <u>Intradistrict Assignment:</u> This case should be assigned to the San Jose intradistrict as the real property which is the subject of this action is in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

**<u>PARTIES</u>**

7.      Plaintiff is, and at all relevant times was, a qualified individual with a physical disability, as defined by applicable state and federal law. Plaintiff is best described as a functioning quadriplegic,[1] experiencing significant impairments in both his upper and lower extremities, including reduced strength, limited range of motion, and impaired motor coordination affecting both gross and fine motor function. These impairments stem from a severe degenerative neurological condition, the progression of which was notably accelerated by a work-related back injury. In addition to functional limitations, Plaintiff also endures chronic and often severe pain caused by the underlying neurological disorder as well as the long-term consequences of the back injury. Plaintiff is, and at all relevant times, was a citizen of the State of California.

8.      The combined effects of these conditions substantially restrict his ability to walk, stand, lift, grasp, and perform many routine tasks of daily living without assistance. As the condition has progressed, it has also begun to affect Plaintiff's respiratory muscles, compromising his ability to breathe effectively–particularly when lying down. As a result, Plaintiff now relies on a non-invasive ventilator to assist with respiration, most often while reclining or sleeping.

---

[1] The term "functioning quadriplegic" is used here to more clearly illustrate the severity and scope of Plaintiff's physical impairments. While Plaintiff retains partial use of both his upper and lower limbs–such as limited standing ability with maximum assistance and brief ambulation under highly supported conditions–his mobility, strength, coordination, and range of motion are significantly impaired in all four limbs. This terminology is not intended to mislead or exaggerate, but rather to provide the Court with a more accurate understanding of the extent of his disability, which is medically complex, progressive, and not easily conveyed by standard classifications alone.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

9.      Although some of these impairments may not be readily apparent to a casual observer, they significantly impact Plaintiff's ability to function independently and safely in public settings without appropriate support. He maintains a degree of independence only through the daily use of assistive mobility technology and adaptive transportation. Plaintiff relies on a Wheelchair for most mobility needs and operates a specially equipped vehicle utilizing hand controls. He has continuously held a permanent disabled parking placard issued by the State of California since approximately 1994.

10.     Defendants are, and at all relevant times were, the owners, operators, lessors, and/or lessees of the subject business, property, and buildings at all times relevant to this Complaint.

11.     Defendant TRIMARK-GILROY HOSPITALITY LLC is a Washington limited liability company headquartered in Pacific, Washington.

12.     Defendant TRIMARK-PARK PLACE, LLC is a Washington limited liability company headquartered in Pacific, Washington.

13.     Upon information and belief, and based on available public records, the owners/members of TRIMARK-GILROY HOSPITALITY LLC and TRIMARK-PARK PLACE, LLC are as follows:

      13.1    Al Jiwani, a citizen of the State of Washington.

      13.2    Hafiz Jiwani, a citizen of the State of Washington.

      13.3    Shafiq Jiwani, a citizen of Canada.

      13.4    Kiyaan Jiwani, a citizen of Washington.

      13.5    Sierra Jiwani, a citizen of Arizona.

      13.6    Zakir Jiwani, a citizen of Canada.

      13.7    Zamaan Jiwani, a citizen of Canada.

      13.8    Lana Bulanova, a citizen of Washington.

      13.9    Sam Kajani, a citizen of Washington.

      13.10   Ray Kajani, a citizen of Washington.

      13.11   Nick Leland, a citizen of Arizona.

14.     Defendants did not make the necessary accommodations to ensure that their facilities, products, and services were accessible to Plaintiff and others with physical disabilities. This non-compliance with federal and State laws on accessibility has directly led to the violations, continuing issues, and harms suffered by Plaintiff, as detailed in this complaint.

15.     Plaintiff is informed and believes, and on such information alleges, that at all times mentioned here, Defendants, and each of them, were the agents, servants, employees, and representatives of each of the other Defendants, and performed all acts and omissions stated here within the scope of such agency or employment or representative capacity, and/or as part of a joint venture and common enterprise with one or more of the other Defendants, and are responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of here.  All actions alleged here were done with the knowledge, consent, approval, and ratification of each of the Defendants here, including their managing agents, owners, and representatives.

## FACTUAL ALLEGATIONS

16.     Defendants have discriminated against Plaintiff by failing to ensure that the facilities and policies at the Hilton Garden Inn Gilroy comply with the mandates of the ADA and California law. Defendants have neglected and refused to provide full and equal access to the services, privileges, benefits, and advantages available to individuals without disabilities at the Hilton Garden Inn Gilroy.

17.     The Hilton Garden Inn Gilroy and its facilities, including, but not limited to, its entrances/exits, parking, interior paths of travel, transaction counters, rooms, restrooms, pool, and Jacuzzi are each a "public accommodation" and part of a "business establishment," subject to the requirements of § 301(7) of the ADA (42 U.S.C. § 12181(7) and of California Civil Code §§ 51 *et seq.*

18.     On information and belief, the Hilton Garden Inn Gilroy and its facilities have, since January 26, 1993, undergone construction, alterations, structural repairs, and/or additions, subjecting the facility to disabled access requirements of § 303 of the ADA (42 U.S.C. § 12183).

1   Such facilities constructed or altered since 1982 are also subject to "Title 24," the California

2   State Architect's Regulations. Irrespective of the Hilton Garden Inn Gilroy's construction and

3   alteration history, removal of the access barriers at the subject premises are subject to the

4   "readily achievable" barrier removal requirements of Title III of the ADA.

5   19.    Upon information and belief, and based on publicly available records, Hilton Garden Inn

6   Gilroy was newly constructed in or around 2001.

7   20.    Upon information and belief, and based on publicly available records, the subject

8   premises have previously been the subject of litigation alleging violations of Title III of the

9   Americans with Disabilities Act.

10  21.    Plaintiff holds premium memberships in multiple hotel loyalty programs, including

11  Hilton Honors where he currently enjoys Diamond status.[2] Plaintiff often lodges at hotels for a

12  multitude of reasons, with an average of well over 75 stays annually for nearly a decade.[3] While

13  staying at hotels for various purposes, including disability management, Plaintiff considers the

14  availability of Aquatic Facilities a significant criterion in his selection process. In choosing a

15  hotel, Plaintiff prioritizes the presence of Aquatic Facilities along with other considerations such

16  as the cost of accommodation, proximity to electric vehicle charging stations, and the hotel's

17  location relative to his itinerary, among other less tangible criteria such as simply wanting to stay

18  in a new place in a particular area that he needs to be for other purposes.

19  22.    Plaintiff relies on water exercises in an attempt to preserve his muscle function and range

20  of motion, making access to hotels Aquatic Facilities essential for both his health and pleasure.

21  However, due to his disabilities, Plaintiff requires an accessible pool/Jacuzzi lift to safely enter

22  and exit. Since the ADA's 2010 standards for accessible design made independently operable

23  pool and Jacuzzi lifts mandatory, Plaintiff has repeatedly found that many hotels often lack such

24  lifts, had lifts that were not independently usable, or had lifts that were not functional at all. As

25  _____
    [2] Diamond is the highest level of the Hilton Honors rewards system.

26  [3] For clarity, when averaging total stays over the last eight years, which is as far back as Plaintiff
    has data, it equals approximately 178 stays per year with one hotel chain alone. His current

27  average in recent years is above 75 stays annually.

his condition has progressed, and thus his reliance on hotels being accessible increased, the lack of accessibility has become an ever-increasing source of frustration to Plaintiff.

23.     On late Friday evening, July 25, 2025, following a weekly gathering with friends at his house in Porter Ranch, a longstanding tradition of over 20 years with rare exceptions, Plaintiff departed for the Tesla Takeover event at the San Mateo County Event Center. To break up the journey, Plaintiff had a reservation at the Hilton Garden Inn Gilroy.

24.     The electronic key Plaintiff had ordered was not functioning, requiring Plaintiff to check in at the front desk. Plaintiff was then assigned a room designated as accessible, but the room contained multiple barriers that denied Plaintiff, a Wheelchair user, full and equal access. Specifically, the bed was positioned too close to the wall, leaving insufficient clear floor space for Plaintiff to maneuver a wheelchair alongside the bed. The coffee maker was placed at a height that Plaintiff could not reach from a seated position. The shower lacked a transfer chair, preventing Plaintiff from safely transferring from the wheelchair to the shower. The bathroom pipes beneath the sink were exposed and lacked protective covering, creating a risk of burns or injury to Plaintiff's legs while seated at the sink. The soap and shampoo dispensers were mounted too high on the wall, again out of Plaintiff's reach from the Wheelchair. Finally, the handheld showerhead was positioned completely beyond Plaintiff's reach, making it impossible for Plaintiff to independently bathe.

 

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12



13    25.    Plaintiff planned to use the heated pool briefly in the morning for stretching and exercises

14    to recover from the long drive and arrive at the event rejuvenated. Plaintiff dressed and went to

15    the Aquatic Facilities, only to find the lifts for the pool and the Jacuzzi were non-functional, in

16    an apparent state of disrepair, as well as missing batteries:

17
18
19
20
21
22
23
24
25
26
27



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27



27.      Frustrated, Plaintiff returned to the room, packed his belongings, and continued the journey without the anticipated relaxation, embarrassed at not being able to independently operate the pool lifts.

28.      These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011).

29.      Plaintiff remains deterred from staying at Hilton Garden Inn Gilroy as long as it remains inaccessible to him. If access is provided, Plaintiff would return.

30.      Plaintiff alleges that it would be a futile gesture to provide notices of violations relating to his continued or attempted visits, which are certain to occur regularly following the filing of this Complaint. Therefore, Plaintiff will seek to supplement this Complaint at the time of trial as to subsequent events, according to proof.

31.      Defendants were aware or reasonably should have been aware, that certain aspects of their establishment and their policies made the Hilton Garden Inn Gilroy inaccessible, constituting a violation of state and federal laws and hindering or denying access to individuals with mobility impairments. Based on available information, it is believed that Defendants possess the necessary financial means to eliminate these obstacles and make the Hilton Garden Inn Gilroy accessible to people with physical disabilities. But Defendants have not taken action to remove these barriers or to ensure full and equal access to the facility.

32.      Because of Defendants' conduct, including their omissions and their failure to ensure access for the disabled, Plaintiff has experienced a violation of his civil rights, emotional distress, and infringement of his right to full and equal enjoyment of public facilities, resulting in general, special, and statutory damages. Each instance of denied access has subjected Plaintiff to difficulties, discomfort, and humiliation. Plaintiff has thus had to seek legal counsel and is now claiming statutory attorney's fees, litigation expenses, and costs, as provided for under federal and state law.

33.     Plaintiff's goal in this suit is a positive one: to make the Hilton Garden Inn Gilroy fully accessible to persons with similar mobility disabilities.

**FIRST CLAIM:**

**VIOLATION OF THE ADA, TITLE III**

**[42 U.S.C. §§ 12101 et seq.]**

34.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

35.     Plaintiff was at all times relevant here a qualified individual with a disability as defined by the ADA, as he has impairments that substantially limit one or more major life activities.

36.     Plaintiff has reasonable grounds for believing he will be subjected to discrimination each time he may attempt to access and use the subject facilities.

37.     The subject property and facility are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. § 12181(7).

38.     The acts and omissions of Defendants set forth here were in violation of Plaintiff's rights under the ADA and the regulations promulgated under it, 28 C.F.R. Part 36, *et seq.* For example, Section 242.2 of the 2010 ADA Standards for Accessible Designs provides "242.2 Swimming Pools. At least two accessible means of entry shall be provided for swimming pools. Accessible means of entry shall be swimming pool lifts complying with 1009.2; sloped entries complying with 1009.3." Defendants have violated this regulation.

39.     Plaintiff alleges on information and belief that Hilton Garden Inn Gilroy was designed and constructed (or both) after January 26, 1993 -- independently triggering access requirements under Title III of the ADA. Upon information and belief, which is based on publicly available documents, the Hilton Garden Inn Gilroy was built for first occupancy around 2001.

40.     Here, Defendants violated the ADA by designing or constructing (or both) Hilton Garden Inn Gilroy in a manner that did not comply with federal and state disability access standards even though it was practicable to do so.

41.     The removal of each of the barriers complained of by Plaintiff were at all times here mentioned "readily achievable" under the standards §§12181 and 12182 of the ADA.

42.     As noted throughout this Complaint, the removal of each of the architectural barriers complained of here was also required under California law.

43.     Defendants have discriminated against Plaintiff in violation of Title III of the ADA by: (a) providing benefits that are unequal to that afforded to people without disabilities; (b) failing to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford (and would not fundamentally alter the nature of) the goods, services, facilities, privileges, advantages, or accommodations of the Hilton Garden Inn Gilroy to individuals with disabilities; (c) failing to remove architectural barriers in existing facilities where such removal is readily achievable; and (d) where Defendants can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations of the Hilton Garden Inn Gilroy available through alternative methods if such methods are readily achievable. On information and belief, as of the date of Plaintiff's most recent visit to the Hilton Garden Inn Gilroy and as of the filing of this Complaint, the subject premises have denied and continue to deny full and equal access to Plaintiff and to other similarly mobility disabled persons in other respects, which violate Plaintiff's rights to full and equal access and which discriminate against him on the basis of his disability, thus wrongfully denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 12182 and 12183 of the ADA. The ability to access both an accessible guest room and the Aquatic Facilities is a fundamental necessity. Without such access, Plaintiff cannot avail himself of the goods and services offered at the Hilton Garden Inn Gilroy on a full and equal basis. The benefits of ensuring accessibility, including, but not limited to, providing access to the Aquatic Facilities clearly outweigh the costs of readily achievable barrier removal. Such costs are an essential part of doing business, comparable to any other basic function required to operate a public accommodation. Accordingly, it is readily achievable to remove these barriers. Moreover, these

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

1    are the types of barriers the Department of Justice has identified as presumably readily

2    achievable to remove, and, in fact, they are readily achievable to remove.

3    44.    Under the ADA, 42 U.S.C. 12188 *et seq.,* Plaintiff is entitled to the remedies and

4    procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as he is

5    being subjected to discrimination based on disability in violation of the ADA or has reasonable

6    grounds for believing that he is about to be subjected to discrimination.

7    45.    Plaintiff seeks relief under remedies set forth in § 204(a) of the Civil Rights Act of 1964,

8    42 U.S.C. 2000(a)-3(a), and under Federal Regulations adopted.

9          WHEREFORE, Plaintiff requests relief as outlined below.

10                        **SECOND CLAIM:**

11            **VIOLATION OF THE UNRUH CIVIL RIGHTS ACT**

12                  **[Cal. Civil Code §§ 51 et seq.]**

13    46.    Plaintiff repleads and incorporates by reference, as if fully set forth again here, the

14    allegations contained in all paragraphs of this Complaint and incorporates them here by reference

15    as if separately repled hereafter.

16    47.    Hilton Garden Inn Gilroy is a business establishment within the meaning of the Unruh

17    Act.

18    48.    Defendants are the owners and/or operators of a business establishment.

19    49.    Defendants violated the Unruh Act by their acts and omissions:

20          a.    Failure to construct or alter the Hilton Garden Inn Gilroy in compliance with state

21                building code and state architectural requirements;

22          b.    Failure to remove known barriers to access at the Hilton Garden Inn Gilroy;

23          c.    Failure to modify policies and procedures as necessary to ensure Plaintiff full and

24                equal access to the accommodations, advantages, facilities, privileges, or services

25                of the Hilton Garden Inn Gilroy; and

26          d.    Violation of the ADA, a violation of which is a violation of the Unruh Act. Cal.

27                Civil Code § 51(f).

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

50.     Plaintiff has experienced barriers to access at the Hilton Garden Inn Gilroy, all of which have caused him major difficulty, discomfort, and embarrassment. Plaintiff suffered mental and emotional damages, including statutory and compensatory damages, according to proof.

51.     On information and belief, the Hilton Garden Inn Gilroy is also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

52.     These barriers to access render the Hilton Garden Inn Gilroy inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny full and equal access to persons with similar mobility disabilities.

53.     Each violation of the ADA constitutes a separate violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

54.     As for Defendants' violations of the Unruh Act that are not predicated on violations of the ADA, Defendants' behavior was intentional: they were aware of or were made aware of their duties to remove barriers that prevent persons with mobility disabilities like Plaintiff from obtaining full and equal access to the Hilton Garden Inn Gilroy. Defendants' discriminatory practices and policies that deny full enjoyment of Hilton Garden Inn Gilroy to persons with physical disabilities reveal actual and implied malice and conscious disregard for the rights of Plaintiff and other similarly disabled individuals. Defendants have thus engaged in willful affirmative misconduct in violating the Unruh Act.

55.     On information and belief, the access features of the Hilton Garden Inn Gilroy have not been improved since Plaintiff's visits there. Plaintiff's injuries are ongoing so long as Defendants do not modify their policies and procedures and provide fully accessible facilities for Plaintiff and other persons with similar mobility disabilities.

56.     At all times mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that his barriers, policies and practices at its facilities violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendants failed to rectify the violations, and presently continues a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly situated disabled persons.

WHEREFORE, Plaintiff requests relief as outlined below.

## **PRAYER FOR RELIEF:**

1.     Plaintiff has no adequate remedy at law to redress the wrongs suffered as explained in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendants as alleged here, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

2.     Plaintiff requests a declaratory judgment that Defendants' actions, omissions, and failures—including but limited to: failing to remove known architectural barriers at the Hilton Garden Inn Gilroy to make it "accessible to and useable by" mobility disabled persons; failing to construct and/or alter the Hilton Garden Inn Gilroy in compliance with federal access standards, state building code, and state architectural requirements; and failing to make reasonable modifications in policy and practice for Plaintiff and other persons with similar mobility disabilities.

3.     Plaintiff requests that the Court issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with them:

   a.   From continuing the unlawful acts, conditions, and practices described in this Complaint;

   b.    To provide reasonable accommodation for persons with disabilities in all its

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

16

1    programs, services, and activities at Hilton Garden Inn Gilroy;

2       c.   To ensure that persons with disabilities are not denied the benefits of, or

3           participation in, programs, services, and activities at the Facilities;

4       d.   To modify the above-described facilities to provide full and equal access to

5           persons with mobility disabilities, including, without limitation, the removal of all

6           barriers to access where "readily achievable;"

7       e.   To maintain such accessible facilities once they are provided;

8       f.   To train Defendants' employees and agents in how to accommodate the rights and

9           needs of physically disabled persons at the Facilities; and

10      g.   To implement nondiscriminatory protocols, policies, and practices for

11          accommodating persons with mobility disabilities at the Facilities.

12   4.     Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is

13   satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of

14   inaccessible public facilities as complained of here no longer occur, and cannot recur;

15   5.     Plaintiff requests all appropriate damages, including, but not limited to, statutory,

16   compensatory, and treble damages in an amount within the jurisdiction of the Court, all

17   according to proof;

18   6.     Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of

19   this proceeding as provided by law, including, but not limited to, the ADA, 42 U.S.C. § 12205;

20   the Unruh Act, California Civil Code § 52; and "public interest" attorney fees, litigation

21   expenses and costs under California Code of Civil Procedure § 1021.5.

22   7.     Plaintiff requests prejudgment interest under California Civil Code § 3291;

23   8.     Plaintiff requests interest on monetary awards as permitted by law; and

24   9.     Plaintiff requests any other relief that this Court may deem just and proper.

25

26

27

Date: September 16, 2025                    CLEFTON DISABILITY LAW
                                            ALLACCESS LAW GROUP


                                            ___/s/ Aaron Clefton___
                                            By AARON CLEFTON, Esq.
                                            Attorney for Plaintiff
                                            JAMES ALGER




## JURY DEMAND

Plaintiff demands a trial by jury for all claims for which a jury is permitted.




Date: September 16, 2025                    CLEFTON DISABILITY LAW
                                            ALLACCESS LAW GROUP


                                            ___/s/ Aaron Clefton___
                                            By AARON CLEFTON, Esq.
                                            Attorney for Plaintiff
                                            JAMES ALGER